UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RONNIE B. CISLO, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:18-cv-02511-RLY-DLP |
| | ) | |
| PAUL TALBOT, | ) | |
| WEXFORD MEDICAL SERVICES, | ) | |
| INDIANA DEPARTMENT OF CORRECTIONS, | ) | |
| DUSHANE ZATECKY, | ) | |
| | ) | |
| Defendants. | ) | |

## I. Screening Standard

The plaintiff is a prisoner currently incarcerated at the Pendleton Correctional Facility (Pendleton).  Because the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), this court has an obligation under 28 U.S.C. § 1915A(b) to screen his complaint before service on the defendants. Pursuant to 28 U.S.C. § 1915A(b), the court must dismiss the complaint if it is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  In determining whether the complaint states a claim, the court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).  To survive dismissal,

> [the] complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  *Pro se* complaints such as that filed by the plaintiff are construed liberally and held to a less stringent standard than formal pleadings drafted by lawyers.  *Obriecht v. Raemisch*, 517 F.3d 489, 491 n.2 (7th Cir. 2008).

## II. The Complaint

The complaint alleges that the plaintiff has hepatitis C and asthma and is a patient in the chronic care clinic. He also suffers from back pain that the Indiana Department of Correction (IDOC) medical staff treats with "gaba pentin." Dkt. 2, p. 4. The plaintiff has mental health concerns and is prescribed Zoloft.

Upon his arrival at Pendleton, the plaintiff was placed in a cell in which a fire had previously occurred. The cell was covered in baby powder and fire extinguisher powder. He notified IDOC staff that the dust particles could aggravate his asthma. Staff called Dr. Talbot and Dr. Talbot responded that there was nothing in the plaintiff's medical file about having asthma. That night, the plaintiff suffered from either an asthma or anxiety attack. The plaintiff was moved to a different cell for fresh air. Later that evening, the plaintiff was returned to the dusty cell.

On June 1, 2018, the plaintiff submitted a health care request for an inhaler and a breathing treatment. On June 5, 2018, Dr. Talbot ordered an inhaler for the plaintiff.

The plaintiff asked Dr. Talbot for treatment for his hepatitis C. Dr. Talbot responded that he would not be receiving treatment because he would be released in less than one year. Dr. Talbot also cancelled the plaintiff's tuberculosis treatment.

The same day, the plaintiff was prescribed Zoloft for depression. He also found out that the pain medication he was taking for back pain was an anti-depressant. As a result of taking two anti-depressants, the plaintiff's mental health was deteriorating.

On June 11, 2018, he filed a health care request form to be seen about his back pain. He did not receive a response to this health care request so he filed another one on July 2, 2018. Dr. Talbot saw him on July 13, 2018. The plaintiff requested Neurotin for his pain. Dr. Talbot declined his request based on its abuse potential. Dr. Talbot instructed the plaintiff to buy Tylenol or Ibuprofen.

On July 23, 2018, the plaintiff filed another health care request form about his back pain. It was denied stating he would not be prescribed Neurotin.

The plaintiff seeks a declaration that the defendants violated his rights under the Constitution, injunctive relief ordering the defendants to treat his hepatitis C, and money damages. Dkt. 2, p. 10.

### III. Insufficient Claims

Applying the screening standard to the factual allegations in the complaint certain claims are dismissed while other claims shall proceed as submitted.

First, the plaintiff's claim of deliberate indifference in violation of the Eighth Amendment against Dushan Zatecky is **dismissed** for failure to state a claim. The plaintiff has failed to allege that Zatecky was personally responsible for any of the alleged constitutional deprivations.

Second, the plaintiff alleges the IDOC has a policy not to prescribe Neurotin for pain. However, Wexford is responsible for the medical care of the inmates. As such, the IDOC is **dismissed**. Additionally, Eleventh Amendment immunity bars suits against states and their agencies regardless of the relief sought, whether damages or injunctive relief. *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 58 (1996); *Pennhurst State School and Hospital v. Halderman,* 465 U.S. 89, 102 (1984). In addition, states and their agencies are not "persons" subject to suit pursuant to 42 U.S.C. ▪ 1983 under the circumstances alleged in the plaintiff's complaint. *Will v. Michigan Department of State Police,* 491 U.S. 58 (1989).

Third, the plaintiff's claim that the defendants retaliated against him for filing health care requests and grievances by not prescribing him pain medication in violation of the First Amendment is **dismissed** for failure to state a claim. To state a claim for retaliation, the plaintiff needs only to allege that he engaged in conduct protected by the First Amendment, and that the defendants retaliated against him based on that conduct. *See Walker v. Thompson*, 288 F.3d 1005,

1008–09 (7th Cir. 2002). Otherwise permissible conduct can become impermissible when done for retaliatory reasons. *Murphy v. Lane*, 833 F.2d 106, 108–09 (7th Cir. 1987) (district court reversed for dismissing complaint challenging otherwise permissible prison transfer because of sufficient allegation of retaliation). A complaint states a claim for retaliation when it sets forth "a chronology of events from which retaliation may plausibly be inferred." *Zimmerman v. Tribble*, 226 F.3d 568, 573 (7th Cir. 2000) (*quoting Cain v. Lane*, 857 F.2d 1139, 1143 n.6 (7th Cir. 1988)). "Conversely, alleging merely the ultimate fact of retaliation is insufficient." *Murphy*, 833 F.2d at 108. Here, the plaintiff stated that the defendants refused to prescribe him pain medication in retaliation for filing health care requests and grievance. However, he also states that Dr. Talbot refused to prescribe him Neurotin for his back pain, based on its abuse potential and because Wexford has a policy of not prescribing it. Thus, his claim that Dr. Talbot refused to prescribe him in retaliation is conclusory and simply alleges the ultimate fact of retaliation and is dismissed for failure to state a claim.

### IV. Claims that May Proceed

The plaintiff's Eighth Amendment claim for deliberate indifference against Dr. Talbot for refusing to provide treatment for the plaintiff Hepatitis C **may proceed**.

The plaintiff's Eighth Amendment claim for deliberate indifference against Dr. Talbot for failing to adequately treat the plaintiff's back pain **may proceed**.

The plaintiff's claim against Wexford Health Sources that it has a policy of not prescribing the pain medication Neurotin **may proceed**.

**The clerk is instructed** to update the docket to show that the only defendants proceeding in this action are Wexford Health Sources and Dr. Talbot.

## V. Duty to Update Address

The pro se plaintiff shall report any change of address within thirty (30) days of any change while this action is pending. The court must be able to locate the plaintiff to communicate with him. If the plaintiff fails to keep the court informed of his current address, the action may be subject to dismissal for failure to comply with court orders and failure to prosecute.

## VI. Service of Process

The **clerk is designated** pursuant to *Fed. R. Civ. P.* 4(c)(3) to issue process to Dr. Talbot and Wexford Health Sources in the manner specified by Rule 4(d). Process shall consist of the complaint, dkt. 2, applicable forms (Notice of Lawsuit and Request for Waiver of Service of Summons and Waiver of Service of Summons), and this Entry.

The motion requesting service of process, dkt. [5], is **denied** as unnecessary.

**IT IS SO ORDERED**.

Date: 9/25/2018

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

RONNIE B. CISLO
149961
PENDLETON - CF
PENDLETON CORRECTIONAL FACILITY
Electronic Service Participant – Court Only


Dr. Talbot
Medical Staff
Pendleton Correctional Facility
4490 West Reformatory Road
Pendleton, IN 46064

Wexford Health Sources
501 Holiday Sr.
Foster Plaza Four
Pittsburgh, PA 15220

Courtesy Copy:

Douglas Bitner
Katz Korin Cuningham
The Emelie Building
334 North Senate Avenue
Indianapolis, IN 46204